**STUART DEAN CO., INC., Plaintiff,**

v.

**METAL POLISHERS, PRODUCTION & NOVELTY WORKERS UNION, LOCAL 8A–28A, AFL–CIO, Defendant.**

**No. 99 CIV 11636 JSR.**

United States District Court, S.D. New York.

March 6, 2001.

See also 121 F.Supp.2d 399.

**316**

Raymond McGuire, Laura Putney, Kauff, McClain & McGuire, New York City, for Plaintiff.

Roger H. Madon, Roger H. Madon, P.C., New York City, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

After defendant Metal Polishers Union Local 8A–28A (the "Local") demanded arbitration of the question of whether a certain collective bargaining agreement extends to workers beyond New York City, plaintiff Stuart Dean Company, Inc. ("Stuart Dean"), a company that cleans and maintains metal fixtures on buildings, brought this action seeking to enjoin such arbitration and subsequently moved for summary judgment. On April 7, 2000, the Court, having determined that the issues here presented were for the Court and not for the arbitrator, see *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), telephonically informed the parties that plaintiff's motion would be granted. With apologies to counsel for the subsequent delay, the Court hereby formally confirms that determination.

The pertinent facts, either undisputed or, where disputed, taken most favorably to the defendant, are as follows. On August 13, 1999, Stuart Dean and the Local executed the collective bargaining agreement here at issue (the "Agreement"). *See* Pl.'s Ex. A. The Agreement sets forth three provisions here relevant. First, it mandates arbitration of "any dispute between [Stuart Dean] and the [Local] as to the meaning, application, performance, or operation of this Agreement." Agreement Art. XXXIV(A). Second, it recognizes the Local as the "sole and exclusive bargaining agent" for those Stuart Dean employees covered by the Agreement who are engaged in metal polishing and certain related categories of work. Agreement Art. I(A). Third, it contains an "Evasion of Agreement" provision that provides that

[Stuart Dean] shall not directly or indirectly, through any subsidiary, affiliated or related Company, perform work that is both within the scope of this Agreement and *within the [Local]'s geographical jurisdiction,* unless such work is performed subject to the terms of this Agreement.

Agreement Art. XXXVI (emphasis added).

While neither party disputes that previous versions of the Agreement, containing the identical "Evasion of Agreement" clause, were understood to apply only to workers in Stuart Dean's New York City division, the Local has adduced evidence that in 1996 its geographical jurisdiction was expanded to include all of North America for certain purposes. On this basis, the Local, contending that the current Agreement (the first one signed since the Local's expansion) therefore applies to all Stuart Dean employees throughout the United States, filed the arbitration demand here at issue seeking arbitration of the question of whether Stuart Dean violated the Agreement by not implementing the Agreement's "terms and conditions of employment in all of its shops throughout the United States other than New York, New York." Putney Aff. of Mar. 1, 2000 Ex. A, Ex. 1 to Dep. of Richard LaBarbera. In other words, the Local sought to give Stuart Dean employees outside New York the same benefits enjoyed by New York City employees of

Stuart Dean under the terms of the Agreement.

Notwithstanding the Local's claim of expanded jurisdiction, however, it is undisputed that certain Stuart Dean employees outside New York City continue to be represented by unions unaffiliated with the Local, that others are represented by the Local but are subject to separate and nonidentical collective bargaining agreements entered into with Stuart Dean, and that still others are not represented by any union. *See* Putney Aff. of Mar. 1, 2000 Ex. A, Dep. of Richard LaBarbera at 45, 47, 59; Pl.'s R. 56.1 Statement ¶¶ 8–10; Putney Aff. of Mar. 1, 2000 Ex. B, Dep. of Cathleen Degan–Nikas at 6.; March 22, 2000 Tr. at 16. With respect to those employees who are represented by other unions or by no union, the Local is not authorized to represent them and so cannot have entered any agreement on their behalf. Accordingly, as the Local's arbitration demand seeks arbitration as to the required terms and conditions of employment for *all* Stuart Dean employees nationwide, it is invalid on its face and beyond the scope of the arbitration Agreement pursuant to which it is made.

■ As for Stuart Dean employees located outside New York City but represented by the Local—identified by the Local as those in Los Angeles, Chicago, and the Ohio/Pittsburgh region—the Court finds that Stuart Dean has established beyond any genuine factual dispute that the Agreement was entered into by the Local solely in its capacity as representative of Stuart Dean's New York City-based employees. This conclusion is compelled, among other reasons, by the fact that Stuart Dean's Los Angeles, Chicago, and Ohio/Pittsburgh employees are all parties to their own separate, ongoing collective bargaining agreements negotiated on their behalf by the very same Local here involved and containing different benefit provisions from those given New York City employees. Nothing in the Agreement remotely indicates that it supersedes or displaces these other collective bargaining agreements, which therefore remain in full force. Thus, as the Local is a party to the Agreement only in its capacity as representative of Stuart Dean's New York City-based employees, it lacks standing under that Agreement to assert a dispute on behalf of any other category of Stuart Dean employees or to demand arbitration thereof.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment is granted, and the defendant is hereby enjoined from compelling arbitration of the dispute at issue. Clerk to enter judgment.

SO ORDERED.